UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IMRAN AHMED, individually and on behalf of others similarly situated,

    Plaintiff

v.

NORTHLAND GROUP,

    Defendant

_____/

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
Case No.: 2:17-cv-04363
Request for Jury Trial

Plaintiff, Imran Ahmed ("Plaintiff"), by and through his attorney, Subhan Tariq, Esq., as and for his Complaint against the Defendant, Northland Group, (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. § 1692 et seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiff Imran Ahmed is a resident of State of New York and currently resides at 46 Northfolk Dr E, 2nd Floor, Elmont, NY 11003.

6. Defendant Northland Group, is a company engaged in the business of collecting debts with a principal place of business located at 7831 Glenroy Road, Suite 250, Minneapolis, MN 55439.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 USC § 1692a(30).

8. The Defendant is a "debt collector" as defined and used in the FDCPA under 15 USC § 1692a(6).

## ALLEGATIONS FOR CLASS ACTION

9. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of himself and all persons/consumers, along with their successors-in-interest, who have received similar communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant. Upon information and belief, hundreds of persons have received similar communications from the Defendant which violate provisions of the FDCPA.

10. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

11. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received communications from the Defendant, which violates various provisions of the FDCPA.

12. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of the Defendant's wrongdoing and, if so, what the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

13. Plaintiff's claims are typical of the claims of the Class and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

14. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

15. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

16. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

17. Plaintiff will fairly and adequately represent the Class members interest, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

18. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

19. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1' through "19" herein with the same force and effect as if the same were set forth at length herein.

21. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

22. The Plaintiff received a letter from the Defendant, dated June 5, 2017, giving him notice of an offer to settle a debt [See Exhibit A].

23. The letter also provided the Plaintiff with notice of his right to dispute the validity of the alleged debt within thirty (30) days of receipt of the letter.

24. Accordingly, the Plaintiff contacted the Defendant via a phone call to discuss his account.

25. On June 28, 2017, the Plaintiff's friend Gisela Hercules called the Defendant, on behalf of the Plaintiff, to find out information about the Plaintiff's account.

26. The Plaintiff's friend informed the Defendant's representative that she was calling on behalf of the Plaintiff.

27. Defendant's representative stated: "Oh gotcha, ok, so if you could put him on the phone there's a few things I need to say to him. And then I'll get the authorization…oh, you know what? Shoot. Ok, you guys are in New York. That makes a big difference here. So, why don't you please just put him on the phone to start, and I'll just go through what I'll need to go through with him, and then I can explain to him, you know, what the steps are here. Does that work?"

28. Plaintiff's stated: "Hello?"

29. Defendant's representative stated: "Now, because you're in the state of New York, I'm actually not…even if you say that I can Imran, on the phone, I am not able to speak with a third party without written consent from you. So…"

30. Plaintiff's friend stated: "Excuse me, excuse me, that's only in New York?"

31. Defendant's representative stated: "Yes."

32. Plaintiff's friend stated: "Yeah?"

33. Defendant's representative stated: "Yeah, well, I mean it's New York and another state or so, but because you are in New York…and I apologize it's some regulations that we have to follow. It just makes it very difficult, so I apologize for that, but I do have to follow the regulations. I mean is it possible that I can just speak with Imran?"

34. Plaintiff's friend stated: "No it's ok, we'll just call back."

35. Defendant's representative stated: "Ok, because, like, the only way that I'll be able to speak with a third party, which is you and I know that you want to discuss this on his behalf. The only way that we're able to do that is with him giving us written consent…"

36. Plaintiff's friend stated: "Okay, hold on, is that law new that he has to hand written authorization so I can speak on his behalf?"

37. Defendant's representative stated: "Is that the only way did you say?"

38. Plaintiff's friend stated: "I'm saying is that the only…is that, like, something new that just came up or something?"

39. Defendant's representative stated: "Yeah. It's actually…the regulations are always changing, so it is rather new…I mean what's your relationship to him?"

40. Plaintiff's friend stated: "I'm just a friend."

41. Defendant's representative stated: "Ok. Yeah, so unfortunately, it's a newer regulation, like I'm not exactly sure in the last how many months…"

42. The call ended shortly after.

43. Later that same day, another one of the Plaintiff's friends, Alberto Reyes Jr., called the Defendant, on behalf of the Plaintiff, to find out information about the Plaintiff's account.

44. Plaintiff's friend stated: "The name on the account is Imran Ahmed. He's actually a friend of mine. He's with me here. He wants to allow me to speak on his behalf in reference to this letter."

45. The Defendant's representative then asked to speak with the Plaintiff in order to obtain his permission to discuss his account with his friend.

46. Defendant's representative stated: "Ok, perfect. Now, let me just read something very quick to you. I need to inform you that by giving me permission to speak to this person, you are authorizing me to discuss your account details, which might put them in negotiations and settlement options until you notify us otherwise. Settlements might have tax implications, so please consult your tax advisor if you have any questions. Ok? I have everything here, so we are not gonna have any problem speaking with your friend, ok?"

47. Plaintiff's stated: "No problem, thank you."

48. The call suddenly dropped a few moments later.

49. This time the Defendant did not mention the New York regulation.

50. These deceptive tactics by the Defendant prevented the Plaintiff's ability exercise his right to dispute the validity of the alleged debt within thirty (30) days of receipt of the letter.

51. There is a high likelihood that the Defendant has lied to countless other consumers about the existence of this New York regulation.

52. Therefore, a class action is warranted because the plaintiff class has the potential to be overly numerous.

## CAUSES OF ACTION

### FIRST COUNT
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e – preface

53. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "52" herein with the same force and effect as if the same were set forth at length herein.

54. 15 U.S.C. § 1692e – preface prohibits a debt collector from using false, deceptive, or misleading representation or means in connection with a debt collection.

55. Defendant is in violation of 15 U.S.C. §1692e – preface by informing the Plaintiff that there is a regulation that requires New York consumers to send in written authorization to be able to authorize a third party to find out information about their accounts.

56. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND COUNT
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(8)

57. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "56" herein with the same force and effect as if the same were set forth at length herein.

58. 15 U.S.C. § 1692e(8) prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

59. Defendant is in violation of 15 U.S.C. §1692e(8) by informing the Plaintiff that there is a regulation that requires New York consumers to send in written authorization to be able to authorize a third party to find out information about their accounts.

60. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## THIRD COUNT
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(10)

61. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "60" herein with the same force and effect as if the same were set forth at length herein.

62. 15 U.S.C. §1692e(10) prohibits a debt collector from making any false representation or deceptive means to collect a debt or obtain information about a consumer.

63. The Defendant is in violation of 15 U.S.C. §1692e(10) by informing the Plaintiff that there is a regulation that requires New York consumers to send in written authorization to be able to authorize a third party to find out information about their accounts.

64. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

### FOURTH COUNT
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692f – preface

65. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "64" herein with the same force and effect as if the same were set forth at length herein.

66. 15 U.S.C. § 1692f – preface prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt.

67. The Defendant violated 15 U.S.C. § 1692f – preface by informing the Plaintiff that there is a regulation that requires New York consumers to send in written authorization to be able to authorize a third party to find out information about their accounts.

68. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

### DEMAND FOR TRIAL BY JURY

69. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment from the Defendants as follows:

　A.　For actual damages provided and pursuant to 15 U.S.C. § 1692(k)(a)(1);

　B.　For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A)

　C.　For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(B)

　D.　For attorneys' fees and costs provided and pursuant to 15 U.S.C. 1692k(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: July 24, 2017

Respectfully submitted,

__s/Subhan Tariq__
Subhan Tariq, Esq.
Attorney I.D.# ST9597
The Tariq Law Firm, PLLC
**Attorney for Plaintiff**
9052 171st Street
Jamaica Estates, NY 11432
Telephone: (516) 900-4529
Facsimile: (516) 453-0490
Email: subhan@tariqlaw.com

To:  Northland Group
     7831 Glenroy Road, Suite 250
     Minneapolis, MN 55439
     (*via Prescribed Service*)

     Clerk of the Court,
     United States District Court
     Eastern District of New York
     255 Cadman Plaza E.
     Brooklyn, NY 11201

     (*For Filing Purposes*)

# EXHIBIT A

**Northland Group**

866-573-9042
For General Business Hours, please visit us at
www.paymentss2northland.com
June 5, 2017

Northland Reference #: F91424891
Account Balance: $3,465.90
Client/Creditor: CAPITAL ONE BANK (USA), N.A.
Original Account #: ***********7215



Imran Ahmed
46 Norfolk Dr E
2
Elmont, NY 11003

We Would Like to Help You Resolve Your Account
Your settlement offer: $2,252.82
Your account balance: $3,465.90

Dear Imran Ahmed,

On 06/02/17, CAPITAL ONE BANK (USA), N.A. authorized Northland Group to collect this debt on its behalf.

At this time, CAPITAL ONE BANK (USA), N.A. has informed us that your account meets its requirements for possible legal action. No final decision about possible legal action on this account will be made until more than 30 days after your receipt of this notice to allow time for you to exercise your rights set forth below.

We are willing to reduce your balance by offering you a settlement. Please note, we are not obligated to renew this offer. Upon receipt and clearance of $2,252.82, a letter will be sent confirming that the above referenced account has been resolved. This offer does not affect your rights set forth below.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Our knowledgeable staff is prepared to work with you and find a payment solution that fits your financial needs. Please call us at 866-573-9042. We look forward to hearing from you.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse or harass. Northland Group will treat you with dignity and respect.

We are required by law to give you the following information: If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days.

**Itemization of Debt:**
Charge-Off Date: 4/6/17
Total Amount Due as of Charge-Off: $3,465.90

Total Amount of Interest Accrued Since Charge-Off: $0.00
Total Amount of Non-Interest Fees Since Charge-Off: $0.00
Total of Payments Made Since Charge-Off: $0.00

Thank you,

Dan Hanson

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.

Payment Methods
Online: www.payments2northland.com  -  Phone: 888-287-5711  -  Mail: PO Box 390846, Minneapolis, MN 55439

This collection agency's New York City Department of Consumer Affairs License number is 1283580.

This communication is sent to you by Northland Group, a debt collector and a member of ACA International.